**Electronically Filed
Intermediate Court of Appeals
29993
29-DEC-2010
09:17 AM**

NO. 29993

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL C. TIERNEY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 08-1-0869)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Michael C. Tierney (Tierney) appeals from the Judgment of Conviction and Sentence (Judgment) filed on October 27, 2009 in the Circuit Court of the First Circuit (Circuit Court).[1] Tierney was convicted by a jury on charges of burglary in the second degree in violation of section 708-811, Hawaii Revised Statutes (HRS)[2] and theft in the second degree in violation of HRS § 708-831(1)(b).[3] Tierney was sentenced to incarceration for a term of five years, with credit

---

[1] The Honorable Richard K. Perkins presided.

[2] (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.

 (2) Burglary in the second degree is a class C felony.

HAW. REV. STAT. § 708-811 (1993).

[3] (1) A person commits the offense of theft in the second degree if the person commits theft:

 . . . .

 (b) Of property or services the value of which exceeds $300[.]

HAW. REV. STAT. § 708-831(1)(b) (Supp. 2009).

for time served.

On appeal, Tierney contends that the Circuit Court erred (1) in denying his motion to disqualify the judge, (2) in denying his motion to dismiss for outrageous government conduct, (3) in denying his right to counsel, (4) by not impaneling a second jury pool after an incident of juror misconduct, (5) because insufficient evidence was presented to convict Tierney of theft in the second degree and burglary in the second degree, (6) in denying his motion to subpoena Dr. Nathan Angle, thereby denying him his right to compulsory process, and (7) because the cumulative effect of all the aforementioned errors denied him his right to due process and his right to a fair trial.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Tierney's points of error as follows:

(1) It was not erroneous for the Circuit Court to deny Tierney's motion to disqualify Judge Perkins or for Judge Perkins to fail to recuse himself. Tierney's complaint against Judge Perkins with the Honolulu Police Department (HPD) is not included in the record on appeal, and Tierney filed no affidavit or declaration "stat[ing] the facts and reasons for the belief that bias or prejudice exists." HAW. REV. STAT. § 601-7(b) (1993).

Even if we accept Tierney's contention that he has filed a complaint with the HPD as true, the record discloses no basis that might "fairly give rise to an appearance of impropriety and reasonably cast suspicion on the judge's impartiality." *Jou v. Schmidt*, 117 Hawaiʻi 477, 484, 184 P.3d 792, 799 (App. 2008) (quoting *State v. Brown*, 70 Haw. 459, 467 n.3, 776 P.2d 1182, 1188 n.3 (1989)) (internal quotation marks, brackets and ellipsis omitted).

(2) The Circuit Court did not err in denying Tierney's motion to dismiss on the basis of outrageous government conduct. Due process principles bar the government from invoking judicial process against a defendant to obtain a conviction when conduct of law enforcement officials "violates fundamental fairness or

2

shocks the conscience." *State v. Agrabante*, 73 Haw. 179, 186, 830 P.2d 492, 496 (1992); *United States v. Russell*, 411 U.S. 423, 431-32 (1973) ("we may some day be presented with [such] a situation").

Tierney, however, provided no objective evidence to the Circuit Court, or on appeal, in support of his claims of outrageous government behavior. Hawaiʻi Rules of Penal Procedure require that:

> An application to the court for an order shall be by motion. . . . If a motion requires the consideration of facts not appearing of record, it shall be supported by affidavit or declaration.

Haw. R. Pen. P. 47(a) (2000). Having presented no affidavit or declaration, and unable as a result to establish the factual basis for any of his claims, Tierney is unable to make a *prima facie* case showing that he is entitled to dismissal. *See State v. Almeida*, 54 Haw. 443, 448, 509 P.2d 549, 552 (1973).

(3) The Circuit Court did not deny Tierney his right to counsel. The record reflects that Tierney was offered counsel on several occasions, but that he voluntarily, knowingly and intelligently rejected that right.

Tierney stated that he did "[n]ot really" understand the charges and complained that "I feel that I'm being forced to represent myself because you guys aren't giving me counsel. First lawyer told me he's going to kill me, and this lawyer don't do nothing." The Circuit Court encouraged him to reconsider his decision, warning him that "it might be difficult to defend yourself if you don't understand the charges." Nevertheless, when asked whether he wanted another attorney to represent him, Tierney re-affirmed his decision stating, "No, I want to represent myself." After an extended colloquy with the court, Tierney stated that he understood the charges, and that he was waiving his right to counsel.

Tierney stated that he was forty-nine years old, had completed sixteen years of education, was able to read, write, and understand English, was not under treatment for mental illness or emotional disability, and his mind was clear of drugs and alcohol. Under such conditions, the right to counsel may be

waived. *State v. Dicks*, 57 Haw. 46, 48, 549 P.2d 727, 730 (1976) (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

(4) The Circuit Court did not err by failing to impanel a second jury pool. During jury *voir dire*, a prospective juror stated, "Recently, I was a probation officer downstairs[,]" and "the defendant looks familiar to me." After a bench conference, the Circuit Court instructed the jury as follows:

> All right, ladies and gentlemen, before we proceed, [the prospective juror] had indicated that the defendant looked familiar and the court has determined that Mister – Mr. Tierney has never been on probation in [the prospective juror's] office. So you are to draw no inferences at all from that comment. In fact, the court will strike that comment from the record, and please do not consider that in any way further in this case.

Following the presentation of the evidence, and prior to jury deliberations, the Circuit Court again instructed the jury, "You must disregard entirely any matter which the court has ordered stricken."

Jurors are presumed to follow the court's instructions. *State v. Wakisaka*, 102 Hawaiʻi 504, 516, 78 P.3d 317, 329 (2003) (holding that courts will "consider a curative instruction sufficient to cure" any potential misconduct because "we presume that the jury heeds the court's instruction to disregard improper . . . comments"). In this case, Tierney failed to establish juror misconduct, much less any type of conduct that would rise to the level of substantial prejudice resulting in an unfair trial. Even if there had been misconduct, though, the Circuit Court properly instructed the jury to disregard anything the prospective juror may have said.

(5) Sufficient evidence was presented to support Tierney's conviction for theft in the second degree and burglary in the second degree.

The material elements of theft in the second degree are that: (1) the defendant obtained or exerted unauthorized control over the property of another; (2) the defendant intended to deprive the other of his or her property; and (3) the value of the property exceeded $300. HAW. REV. STAT. §§ 708-830(1), 708-831(1)(b); *see State v. Mitchell*, 88 Hawaiʻi 216, 222, 965 P.2d 149, 155 (App. 1998). The material elements of burglary in the

second degree are that the defendant: (1) intentionally entered or remained unlawfully in a building; (2) with intent to commit a crime therein against a person or property rights. HAW. REV. STAT. § 708-811. "A burglary conviction . . . can be based upon a showing of intent to commit *any* crime." *State v. Motta*, 66 Haw. 89, 94, 657 P.2d 1019, 1022 (1983).

Prosecution witnesses testified that: Coco Cove's back room office was closed and limited to authorized employees; Tierney was not authorized to enter, but was seen leaving the office clutching something to his stomach; the safe in the office was open and cash was missing; Tierney struggled with the manager of Coco Cove and attempted to flee the store; Tierney was detained until police arrived; and Tierney was found with $1,141 in cash, the same amount missing from the safe.

When "viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," the evidence in this case "is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt" of both theft in the second degree and burglary in the second degree. *See State v. Ferrer*, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001) (quoting *State v. Timoteo*, 87 Hawai'i 108, 112-13, 952 P.2d 865, 869-70 (1997).

(6) The Circuit Court did not err by failing to call Dr. Nathan Angle as a witness for the defense. Tierney presented no evidence, and has made no argument, suggesting that Dr. Angle's testimony would have been relevant to the charge of theft or burglary. *State v. Savitz*, 67 Haw. 59, 60-61, 677 P.2d 465, 466-67 (1984) (where defendant in criminal prosecution fails to show that witness' testimony would be relevant, material, and favorable to his defense, he cannot complain of violation of his right to compulsory process). Rather, Tierney wanted to call Dr. Angle who "treated [him] for a concussion because I don't remember what happened that day."

"[T]he government is not a guarantor of a defense witness' appearance at trial." *State v. Bullen*, 63 Haw. 27, 29, 620 P.2d 728, 729-30 (1980). The record reflects that the Circuit Court did not prevent Tierney from calling Dr. Angle to

testify; rather, Dr. Angle was unavailable when Tierney wanted to call him.

(7) The cumulative effect of the aforementioned alleged errors did not deny Tierney his constitutional right to due process or his right to a fair trial. Since we conclude that the Circuit Court did not err in its handling of the six substantive points of error discussed above, we do not find any denial of due process or the right to a fair trial in the cumulative effect of the Circuit Court's decisions.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on October 27, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 29, 2010.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge